IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christopher L. Thomas, | C/A No. 0:13-1737-TMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Sumter-Lee Regional Detention Center, et al; Lt. McMillian; Lt. Glover-Blanding, | |
| Defendants. | |

The plaintiff, Christopher L. Thomas ("Plaintiff"), a self-represented pretrial detainee, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names Sumter-Lee Regional Detention Center ("SLRDC") and two of its employees as defendants.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to Defendant SLRDC. In a separately docketed order, the court has authorized the issuance and service of process on Defendants McMillian and Glover-Blanding.

### I.     Factual and Procedural Background

Plaintiff alleges that Lt. McMillian and Lt. Glover-Blanding authorized Plaintiff's lock up in secure detention without providing him twenty-four hour notice or disciplinary hearing. (ECF No. 1 at 3.) Plaintiff claims that he has been stripped of all privileges and seeks monetary damages for the defendants' alleged denial of due process and equal protection. (Id. at 2, 5.)

---

[1] Title 28 U.S.C. § 1915A(a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of

---

[2] Screening pursuant to § 1915A is subject to this standard as well.

a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). While Plaintiff provides sufficient factual information to withstand summary dismissal of his claims against Defendants McMillian and Glover-Blanding, his claims against SLRDC should be summarily dismissed.

It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." See 42 U.S.C. § 1983; Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a "person" includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. See Nelson v. Lexington Cnty. Det. Ctr., C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"); see also Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), overruled on other grounds by Preval v. Reno, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). The SLRDC is a detention facility used primarily to house pretrial detainees. Therefore, the SLRDC is not a proper defendant in this case.

**III.     Conclusion**

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to Defendant Sumter-Lee Regional Detention Center.

September 6, 2013  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).